|  | IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA |

ROOFING & RECONSTRUCTION CONTRACTORS OF AMERICA LLC a/a/o Jeanne Stoll,

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

CASE NO.:

       Plaintiff,

v.

PROGRESSIVE PROPERTY INSURANCE COMPANY,

       Defendant.

_____ __/

## COMPLAINT FOR DAMAGES

Plaintiff, ROOFING & RECONSTRUCTION CONTRACTORS OF AMERICA LLC a/a/o Jeanne Stoll (hereinafter the "Plaintiff"), hereby sues Defendant, PROGRESSIVE PROPERTY INSURANCE COMPANY (hereinafter the "Defendant"), and states as follows:

### PARTIES, JURISDICTION & VENUE

1.    This is an action for damages under an insurance policy resulting from loss of property wherein the amount in controversy exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest and attorney's fees, and is therefore within the jurisdiction of this Court.

2.    At all times material hereto, Jeanne Stoll (hereinafter the "Insured") had insurance coverage pursuant to a property insurance policy issued by Defendant.

3.    At all times material hereto, Plaintiff was and is a foreign limited liability company authorized to conduct and was in fact conducting business in Collier County, Florida.

4.    At all times material hereto, Defendant was and is an insurance company authorized to conduct and was in fact conducting business in Lee County, Florida.

5.    Venue is proper in Lee County, Florida as Lee County is the locale where the cause of action accrued.

6.      All conditions precedent have been satisfied, discharged or waived.

## GENERAL ALLEGATIONS

7.      At all times material hereto, in consideration of the applicable premiums, Defendant issued to Insured a property insurance policy bearing policy number ARK76053 (hereinafter the "Policy"). A certified copy of the Policy is attached hereto as *Exhibit A*.

8.      The Policy provided insurance coverage for the property located at 9856 White Sands Place, Bonita Springs, FL 34135 (hereinafter the "Property").

9.      Defendant insured the Property for damage including, but not limited to, damage to the structure and its contents resulting from water damage, windstorm, fire, theft, and other covered perils.

10.     On or about September 10, 2017, while the Policy was in full force and effect, a covered loss occurred to the Property, namely, wind damage (hereinafter the "Loss").

11.     Plaintiff timely filed a claim and notified Defendant of the Loss.

12.     Defendant assigned claim number 615472-181011 to the Loss (hereinafter the "Claim").

13.     Subsequent to the Loss, the Insured assigned certain benefits by and through the Policy to Plaintiff.  Plaintiff, as assignee, is entitled to such benefits up to the amount of services rendered or to be rendered by Plaintiff in connection with the Claim.  A copy of the assignment of benefits is attached hereto as *Exhibit B* (hereinafter the "AOB").

14.     As a result of the Loss, the Property sustained damage and the Insured has or will incur costs for services rendered or to be rendered by Plaintiff.

15.     The charges for Plaintiff's services were reasonable in light of the work required to be performed at the Property pursuant to the Policy.

16.     Prior to the filing of this action, Plaintiff provided Defendant with an itemized

description of the services required to return the Property to a "pre-loss" condition, as required by the Policy, but Defendant failed to pay the total amount owed for these services. The itemized description of services necessary to return the Property to a "pre-loss" condition is attached hereto as *Exhibit C*.

17.     Plaintiff has suffered and continues to suffer damages as a result of Defendant's acts and omissions.

## COUNT I – BREACH OF CONTRACT

18.     Plaintiff incorporates the allegations set forth in paragraphs one (1) through seventeen (17) as if set forth fully herein.

19.     The Insured assigned its right to payment under the Policy to the Plaintiff, with respect to the reasonable services rendered or to be rendered by Plaintiff on behalf of the Insured, pursuant to the Policy.

20.     Pursuant to Florida law, the Policy and the AOB, Defendant is required to make payment to Plaintiff for the reasonable services rendered or to be rendered by Plaintiff.

21.     By failing to make complete payment to Plaintiff for the reasonable services rendered or to be rendered in connection with the Claim, Defendant breached the Policy.

22.     As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has been damaged in an amount to be determined at trial, including outstanding unpaid bills for services rendered or to be rendered.

23.     As a direct and proximate cause of Defendant's acts and omissions, Plaintiff has been forced to retain the services of undersigned counsel and Defendant is responsible for paying a reasonable attorney's fee pursuant to Fla. Stat. §627.428 or §626.9373.

WHEREFORE, Plaintiff prays for damages, pre-judgment interest, attorney's fees pursuant to Florida Statute §627.428 or §626.9373, costs as the prevailing party, and any other

relief this Honorable Court deems fair and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial against Defendant on all issues so triable.

[NOTICE OF COMPLIANCE ON THE FOLLOWING PAGE]

## NOTICE OF COMPLIANCE WITH FLORIDA RULE OF
## JUDICIAL ADMINISTRATION RULE 2.516

Plaintiff, by and through undersigned counsel, files this Notice of Compliance with Judicial Administration Rule 2.516 and hereby designates the following as the sole email addresses for transmitting electronic service documents on behalf of Harold Y. Levy, Esquire and Elizabeth Mitchell, Esquire:

PRIMARY EMAIL:           Service@HLLawGroup.com

SECONDARY EMAIL:     Elizabeth@HLLawGroup.com
                                     Barbara@HLLawGroup.com
                                     Ermite@HLLawGroup.com

Transmittal of court documents to the above-designated email addresses must be made in order for service to be proper and effective, however, please use the attorneys' regular email addresses for all other communications.

DATED this 3rd day of May, 2019.

**HL LAW GROUP, P.A.**

By:    /s/ *Harold Y. Levy*
Harold Levy, Esquire
FBN: 30478
Elizabeth Mitchell, Esquire
FBN: 118340
Attorney for Plaintiff
2601 East Oakland Park Boulevard, Suite 503
Fort Lauderdale, Florida 33306
Telephone: (954) 713-1212
Facsimile: (954) 760-4239
Email: Service@HLLawGroup.com
Secondary Email:      Elizabeth@HLLawGroup.com
                                  Barbara@HLLawGroup.com